| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| Matthew B. Weisberg, Attorney ID No.: 85570 | Gary Schafkopf, Attorney ID No. 83362 |
| 7 South Morton Ave. | 11 Bala Ave |
| Morton, PA 19070 | Bala Cynwyd, PA 19004 |
| 610-690-0801 | 610-664-5200 Ext 104 |
| Fax: 610-690-0880 | Fax: 888-283-1334 |
| **Attorney for Plaintiff** | **Attorney for Plaintiff** |

## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE LONGENECKER**<br>167 Benjamin Road<br>Cogan Station, PA 17728<br><br>          Plaintiff<br>     v.<br><br>**WEIS MARKETS, INC. d/b/a WEIS MARKETS DISTRIBUTION CENTER**<br>100 S 2nd Street<br>Sunbury, Pennsylvania 17801<br><br>and<br><br>**PAUL MILLER, Individually, and in his official capacity as Distribution Center Human Resource Manager**<br>100 S 2nd Street<br>Sunbury, Pennsylvania 17801<br><br>          Defendants. | Civil Complaint No.<br><br>**JURY TRIAL OF TWELVE (12) JURORS DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Blake Longenecker, by and through his undersigned attorneys, complaining of Defendants, Weis Markets Inc., brings the instant action requesting judgment in his favor, and against Defendants, and in support thereof, alleges, upon information and belief, as follows:

## PARTIES

1. Plaintiff, Blake Longenecker, is an adult individual, residing at the above-captioned address. At all times material hereto, Mr. Longenecker was employed by Defendant, Weis Markets Inc., as a selector/picker at its distribution center located at 16 S Industrial Park Road, Milton, PA.

2. Defendant, Weis Markets, Inc. ("Weis") is a publicly held chain of grocery stores. Weis currently operates approximately 196 stores in Pennsylvania, Maryland, New York, New Jersey, West Virginia, Virginia and Delaware. Weis is headquartered at the above-captioned address in Sunbury, Pennsylvania.

3. Defendant, Paul Miller (Miller), at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of Weis. At all times material herein, Miller was employed by Defendant as Human Resource Manager of the Weis Distribution center located at 16 S Industrial Park Road, Milton, PA.

## JURISDICTION AND VENUE

4. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law.

5. Venue is proper as the facts and transactions involved herein occurred in large part in this judicial district.

6. Plaintiff reserves the right to amend this Complaint to include additional facts, claims, and allegations upon exhaustion of administrative remedies.

7. Plaintiff has exhausted his administrative remedies and obtained a Right to Sue Letter from the EEOC. (Exh. A).

## STATEMENT OF FACTS

8. The above paragraphs are incorporated herein by reference.

9. Defendants have subjected Plaintiff to discrimination based on based on his disability.

10. Plaintiff began working for Defendants as a temp in or around November 2020. Plaintiff was later hired by Defendants full time in or around December 2020.

11. Plaintiff has a medical marijuana card for anxiety.

12. On or about February 19, 2021, Defendants learned that Plaintiff had a medical marijuana card when it fell out of his wallet at work. Because of this, Defendant Miller sent Plaintiff was sent home for five days.

13. Prior to this incident, Plaintiff held the position of selector/picker in which he would select products from the warehouse and help load them onto the trucks.

14. On or about February 25, 2021, Plaintiff was called back to work and informed by Defendant Miller that he was being demoted.

15. Due to his having a medical marijuana card, Plaintiff was demoted to working in the stock area and his pay was reduced from $22 per hour to $12 per hour.

16. Following his demotion, Plaintiff advised Defendant Miller that he could not afford to work for $12 per hour. Plaintiff asked Defendant Miller if a negative drug test would allow him to keep his regular job as selector/picker. Miller denied Plaintiff's request.

17. Plaintiff has never received a positive drug test. On or about February 28, 2021, due to his reduction in pay, Plaintiff had no other choice than to leave his position at Defendant.

18. Defendants subjected Plaintiff to a hostile work environment and retaliation. The constructive termination of Plaintiff was an act of discrimination and retaliation, with no valid business purpose or justification.

## STATEMENT OF CLAIMS

## COUNT I
## ADA DISCRIMINATION

19. The above paragraphs are incorporated herein by reference.

20. The ADA protects employees from disparate treatment by their employers when said disparate treatment is adverse and due to employees' disability.  42 U.S.C. § 12112(a).

21. Defendants treated Plaintiff adversely in the terms and conditions of employment because he suffered from a disability.

22. Defendants' ADA violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

23. As a direct and proximate result of Defendants' ADA violations, Plaintiff has suffered damages and losses and has incurred attorneys' fees and costs.

## COUNT II
## ADA RETALIATION

24. The foregoing paragraphs are incorporated herein by reference.

25. The foregoing adverse employment actions taken against Plaintiff constituted retaliation for Plaintiff's lawful requests and exercise of rights under the ADA.

26. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiffs employment.

27. Further, Defendant failed to accommodate Plaintiff's disability or perceived disability and failed to engaged in a constructive, interactive process concerning same.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

28. The above paragraphs are incorporated herein by reference.

29. The above acts and practices of Defendant constitute unlawful discriminatory employment practices under the PHRA.

30. As a result of Defendants' discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA MEDICAL MARIJUANA ACT 16

31. The above paragraphs are incorporated herein by reference.

32. The above acts and practices of Defendant constitute unlawful discriminatory employment practices in violation of the Pennsylvania Medical Marijuana Act..

33. As a result of Defendants' discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## COUNT V
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

34. The above paragraphs are incorporated herein by reference.

35. Defendants' constructive termination of Plaintiff constituted retaliation for Plaintiff's lawful requests and exercise of rights due to his disability.

36. Defendants' intentional constructive termination of Plaintiff was in violation of the public policy of the Commonwealth of Pennsylvania.

37. As a result of Defendant's termination of Plaintiff, Plaintiff has been financially damaged and such damages are ongoing.

38. Defendants terminated Plaintiff with reckless disregard for the injuries that would be caused to Plaintiff, thereby warranting the imposition of punitive damages.

39. Plaintiff has further suffered and will continue to suffer a loss of earnings, and other employment benefits, whereby Plaintiff is entitled to general compensatory damages.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

Plaintiff additionally prays to be compensated with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to the aforesaid, including but not limited to, an award of front, back and lost pay, compensatory damages for future pecuniary loss, and for such other and further relief as this Honorable Court deems just and proper

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues so triable herein.

Respectfully submitted,

*/s/ Matthew Weisberg*
Matthew B. Weisberg, Esquire
PA Attorney Id. No. 85570
7 South Morton Ave.
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax

.

*/s/ Gary Schafkopf*
Gary Schafkopf, Esquire
SCHAFKOPF LAW
PA Attorney Id. No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19044
(610) 664-5200 (ext. 104)
(888) 283-1334 – Fax

DATED: 9-9-21