# EXHIBIT A

EEOC Form 161-B (11/2020) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Blake A. Longenecker<br>167 Benjamin road<br>Lycoming, PA 17728 | **From:** Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-02290 | Legal Unit,<br>Legal Technician | (267) 589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter* (signature)

**Dana R. Hutter,**
**Deputy Director**

**July 30, 2021**
*(Date Issued)*

Enclosures(s)

cc:  **WEIS MARKETS, INC**
**Michael Umstead (for Respondent)**
**Director, Field HR**
**1000 South Second Street**
**P.O. Box 471**
**Sunbury, PA 17801**

**David Berlin, Esq. (for Charging Party)**
**WEISBERG LAW**
**7 South Moton Ave**
**Morton, PA 19070**

Enclosure with EEOC
Form 161-B (11/2020)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm**</u>.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.