IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAKE LONGENECKER, | : | CIVIL ACTION NO.: |
| | : | 4:21-CV-01548-RDM |
| Plaintiff | : | |
| | : | Honorable Judge Robert D. Mariani |
| v. | : | |
| | : | |
| WEIS MARKETS, INC, d/b/a | : | |
| WEIS MARKETS | : | JURY TRIAL OF TWELVE (12) |
| DISTRIBUTION CENTER and | : | JURORS DEMANDED |
| PAUL MILLER, Individually, and | : | |
| in his capacity as Distribution | : | |
| Center Human Resource Manager, | : | |
| | : | |
| Defendants | : | |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AS TO DEFENDANT MILLER**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Weis Markets, Inc. ("Defendant Weis") and Defendant Paul Miller ("Defendant Miller") (collectively, "Defendants"), by their undersigned attorneys, hereby move to dismiss Plaintiff's Complaint with respect to the claims against Defendant Miller brought in the above-captioned action. The basis for this Motion is fully set forth in the Brief in Support, which has been filed this date and is incorporated herein by reference. In further support hereof, Defendants state as follows:

1. As to Counts I and II, violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), there is no theory for individual liability

under the ADA and, therefore, Plaintiff's claims under the ADA should dismissed with respect to Defendant Miller.

2. As to Count III, violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 et. seq. ("PHRA"), Plaintiff has failed to state a claim for aiding and abetting and, therefore, Plaintiff's claim under the PHRA should be dismissed with respect to Defendant Miller.

3. As to Count IV, violation of the Pennsylvania Medical Marijuana Act, 35 P.S. § 10231.101 et. seq. ("MMA"), there is no cause of action under the MMA for individuals as opposed to employers and, therefore, Plaintiff's claim under the MMA should be dismissed with respect to Defendant Miller.

4. As to Count V, wrongful termination in violation of public policy, there is no individual liability for a wrongful termination under this Court's precedence. In the alternative, Plaintiff has failed to state a claim for wrongful termination against Defendant Miller as an individual. Therefore, Plaintiff's claim for wrongful termination should be dismissed with respect to Defendant Miller.

100959773.1

WHEREFORE, Defendants respectfully request that this Honorable Court grant this Motion to Dismiss as to Defendant Miller and dismiss the Complaint in its entirety as it relates to Defendant Miller.

        Respectfully submitted,

        *Renee C. Mattei Myers*
        Renee C. Mattei Myers
        PA I.D. No. 73099
        Eckert Seamans Cherin & Mellott, LLC
        213 Market Street, 8th Floor
        Harrisburg, PA  17101
        rmyers@eckertseamans.com
        (717) 237-7163
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2021, a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint as to Defendant Miller was served upon counsel by way of the Court's Electronic Filing System as follows:

> Matthew B. Weisberg, Esquire
> David Berlin, Esquire
> Weisberg Law
> 7 South Morton Avenue
> Morton, PA  19070

*Renee C. Mattei Myers*
Renee C. Mattei Myers

100959773.1