# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAKE LONGENECKER, | : | CIVIL ACTION NO. |
| | : | 4:21-CV-01548-RDM |
| Plaintiff | : | |
| | : | Honorable Judge Robert D. Mariani |
| v. | : | |
| | : | |
| WEIS MARKETS, INC. d/b/a | : | |
| WEIS MARKETS | : | JURY TRIAL OF TWELVE (12) |
| DISTIRUBTION CENTER, and | : | JURORS DEMANDED |
| PAUL MILLER, Individually, and | : | |
| in his capacity as Distribution | : | |
| Center Human Resource Manager, | : | |
| | : | |
| Defendants | : | |

## ANSWER AND AFFIRMATIVE DEFENSES ON
## <u>BEHALF OF DEFENDANT, WEIS MARKETS, INC.</u>

Defendant, Weis Markets, Inc. ("Weis" or "Defendant"), by and through its attorneys, submits the following as its Answer and Affirmative Defenses to Plaintiff's Complaint in the above-captioned matter.[1]  Each paragraph of the Second Defense corresponds to the same-numbered paragraph of the Complaint.

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

---

[1] Defendant Paul Miller has filed separately a Motion to Dismiss the Complaint.

100866845.1

## SECOND DEFENSE

1. Defendant admits that Plaintiff Longenecker is an adult individual. Defendant further admits that Plaintiff was employed by Defendant Weis as a selector at its Distribution Center located in Milton, PA. Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations on Paragraph 1; therefore, Defendant denies the same and demands strict proof thereof.

2. Admitted.

3. Defendant admits only that Paul Miller is employed by Weis as DC HR Manager at the Weis Distribution Center located at 16 S. Industrial Road, Milton, PA. All remaining allegations are denied.

4. The allegations of paragraph 4 of the Complaint are conclusions of law to which no response is required. If, and to the extent that a response is deemed to be required, Defendant denies same and demands strict proof thereof.

5. The allegations of paragraph 5 of the Complaint are conclusions of law to which no response is required. If, and to the extent that a response is deemed to be required, Defendant denies same and demands strict proof thereof.

6. Denied.

7. Defendant only admits that Plaintiff filed a charge with the EEOC and the EEOC subsequently issued a Right to Sue notice. Defendant denies the remaining allegations of paragraph 7 of the Complaint.

8. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

9. Denied. Defendant denies Plaintiff was discriminated against in any way.

10. Defendant admits Plaintiff began working at the Weis Distribution Center as a Kelly Services temporary employee on approximately November 19, 2021, and was hired into a full-time position on January 25, 2021. The remaining allegations of paragraph 10 are denied.

11. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations on Paragraph 11; therefore, Defendant denies the same and demands strict proof thereof.

12. Denied as stated. By way of further response, Defendant admits that on or about February 19, 2021, a medical marijuana card containing Plaintiff's name was found in the Distribution Facility. Defendant further admits that after speaking to Plaintiff, Plaintiff was sent home while it reviewed Plaintiff's specific situation.

100866845.1

13. Denied as stated. By way of further response, Defendant denies Plaintiff was involved in "assisting with the loading of trucks." To the contrary, his duties may be more accurately described as "selecting products from the warehouse, assembling the products on pallets, and staging the full pallets to be loaded onto trucks."

14. Denied. By way of further response, Defendant states that Defendant notified Plaintiff that he would be permitted to return to work on Wednesday February 24, 2021 in a position that would not require him to operate power equipment.

15. Denied. By way of further response, Defendant states that Defendant notified Plaintiff that he would be permitted to return to work on or about Wednesday, February 24, 2021, in a position that would not require him to operate power equipment. Defendant further admits that one of the positions offered to Plaintiff was at a lower rate of pay than his previous position.

16. Defendant admits Plaintiff refused the offer of a different position. The remaining allegations of paragraph 16 are denied.

17. Defendant admits that Plaintiff's pre-hire drug screen was negative. Defendant further admits that Plaintiff voluntarily resigned his position on or about February 28, 2021. Defendant is without knowledge and information sufficient to

100866845.1

form a belief as to the truth of the remaining allegations on Paragraph 17; therefore, Defendant denies the same and demands strict proof thereof.

18. Denied.

19. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

20. The allegations of paragraph 20 of the Complaint are conclusions of law to which no response is required. Defendant denies it violated the ADA in any way.

21. Denied.

22. Denied.

23. Denied.

24. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

25. Denied. Defendant denies it took any adverse action against Plaintiff, or retaliated against him in any way.

26. Denied. Defendant denies Plaintiff was subject to a hostile work environment or harmed in any way.

27. Denied. Defendant denies it failed to accommodate Plaintiff or harmed him in any way.

100866845.1

28. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

29. Denied. Defendant denies Plaintiff was subject to any discriminatory acts or harmed in any way.

30. Denied. Defendant denies Plaintiff was subject to any discriminatory acts or harmed in any way.

31. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

32. Denied. Defendant denies Plaintiff was subject to any discriminatory acts or harmed in any way.

33. Denied. Defendant denies Plaintiff was subject to any discriminatory acts or harmed in any way.

34. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

35. Denied. Defendant denies Plaintiff was subjected to constructive termination, retaliation or any wrongful act.

36. Denied.

37. Denied. Defendant denies Plaintiff was terminated, or harmed in any way.

38. Denied.

39. Denied. Defendant denies Plaintiff was subject to any unlawful action or harmed in any way.

With respect to the unnumbered paragraph after paragraph 39 of the Complaint, Defendant denies that Plaintiff is entitled to judgment against it and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant is not liable to Plaintiff.

### THIRD DEFENSE

Subject to discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, justification, waiver and estoppel.

### FOURTH DEFENSE

Subject to discovery, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

Defendant did not discriminate against and did not retaliate against Plaintiff. Defendant did not violate any of Plaintiff's rights or harm him in any way. To the contrary, Defendant at all times acted lawfully toward Plaintiff.

### SIXTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were made in good faith, without malice, ill-will or reckless indifference and were not willful or

100866845.1

outrageous. Defendant had reasonable grounds for believing that its conduct did not violate any laws.

## SEVENTH DEFENSE

Plaintiff's own conduct caused or otherwise contributed to the actions of which he now complains. Plaintiff assumed the risk of his own conduct in this matter.

## EIGHTH DEFENSE

Plaintiff is not entitled to any of the relief prayed for in the Complaint. There is no legal or factual basis for punitive and/or compensatory damages in this case. No willful violation of law or statute occurred. At all times, Defendant exhibited good faith efforts to comply with the ADA, PHRA and the MMA.

## NINTH DEFENSE

No employee, servant or agent of Defendant had at any time, actual, ostensible, or apparent authority or agency to discriminate against Plaintiff, retaliate against Plaintiff or otherwise harm Plaintiff.

## TENTH DEFENSE

To the extent that any employee of Defendant acted improperly or unlawfully, that employee was acting outside the scope of his or her employment with Defendant, was not acting in furtherance of the business of Defendant and was not actuated by a purpose to serve Defendant.

100866845.1

## ELEVENTH DEFENSE

Defendant would have taken the same actions and made the same decisions with respect to Plaintiff even in the absence of an alleged retaliatory motive.

## TWELFTH DEFENSE

To the extent Plaintiff is entitled to damages, such damages are limited by statute.

## THIRTEENTH DEFENSE

Subject to discovery, Plaintiff's claims and/or alleged damages may be barred or limited by the doctrine of after-acquired evidence.

## FOURTEENTH DEFENSE

Defendant acted in good faith and did not violate any rights Plaintiff may be entitled to under federal or state laws, rules, regulations or guidelines.

## FIFTEENTH DEFENSE

Upon information and belief, and subject to discovery, Plaintiff has failed to mitigate his damages. Plaintiff voluntarily resigned his employment.

## SIXTEENTH DEFENSE

Plaintiff is not disabled under the ADA or PHRA.

## SEVENTEENTH DEFENSE

Plaintiff was not a qualified individual with a disability as defined by the ADA or PHRA.

100866845.1

## EIGHTEENTH DEFENSE

Defendant did not fail to reasonably accommodate Plaintiff.

## NINTEENTH DEFENSE

Plaintiff failed to engage in the interactive process relating to reasonable accommodations mandated by the ADA or PHRA.

## TWENTIETH DEFENSE

Plaintiff's injuries, damages and other losses alleged to have been suffered as a result of this incident may have pre-existed the date of this incident.

## TWENTY FIRST DEFENSE

Any acts or omission by Defendant were not outrageous, reckless or willful.

## TWENTY SECOND DEFENSE

Defendant is not liable for any injury to Plaintiff which occurred after the termination of the employer/employee relationship.

## TWENTY THIRD DEFENSE

Plaintiff is not entitled to recover counsel fees under the PHRA.  No right to punitive damages exists under the PHRA.  Plaintiff is not entitled to a jury trial under the PHRA.

## TWENTY FOURTH DEFENSE

Defendant did not violate any "public policy" with regard to Plaintiff.

100866845.1

**TWENTY FIFTH DEFENSE**

There is no private cause of action under the Pennsylvania Medical Marijuana Act.

Defendant denies all other allegations in the Complaint that are not specifically admitted or otherwise responded to in this Answer and Affirmative Defenses.

WHEREFORE, Defendant, Weis Markets, Inc., requests that judgment be entered in its favor and against Plaintiff, and that it be awarded attorneys' fees, costs and expenses incurred in defense of this action.

Respectfully Submitted,

*Renee C. Mattei Myers*
Renee C. Mattei Myers, Esq.
PA ID No. 73099
Mark A. Fontana
PA ID No. 37602
Eckert Seamans Cherin & Mellott, LLC
213 Market Street, 8th Floor
Harrisburg, PA  17101
rmyers@eckertseamans.com
(717) 237-7163

Dated:  November 17, 2021     *Attorneys for Defendant, Weis Markets, Inc.*

100866845.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2021, a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon counsel by way of the Court's Electronic Filing System as follows:

Matthew B. Weisberg, Esquire
David Berlin, Esquire
Weisberg Law
7 South Morton Avenue
Morton, PA  19070

*Renee C. Mattei Myers*
Renee C. Mattei Myers

100866845.1